## STATE *vs.* THE MAYOR AND ALDERMEN OF PAWTUCKET.

Public Laws R. I. cap. 474, § 16, clause 2, of March 27, 1885, the charter of the city of Pawtucket, gives to the board of aldermen a discretion as to the time of a new election in case of a failure to elect, and this discretion unless abused is not reviewable on *mandamus*

After seven successive elective meetings and failures to elect, ordering in June another election in November is not so clearly an abuse of discretion as to justify the interference of the court.

PETITION for a writ of *Mandamus.*    The petition was filed June 24, 1893, to compel the respondents to call an elective meeting for the choice of alderman, councilmen and ward clerk, in the second ward of the city of Pawtucket.

*July* 8, 1893.    PER CURIAM.    The court is of the opinion that Pub. Laws R. I. cap. 474, § 16, clause 2,[1] of March 27, 1885, providing that in case of a failure to elect any officer under the provisions of that chapter, the board of aldermen shall order the city clerk to issue his warrant for another election to fill the vacancy, and so on from time to time until all of such vacancies have been filled, confers on the board of aldermen power to fix the time for holding the election so directed to be ordered.    The fixing of the time for holding an election requires the exercise of discretion, and is therefore an act not reviewable by the court on petition for *mandamus* unless there has been an abuse of discretion.

In view of the fact that there have been already seven elective meetings held at frequent intervals which resulted in no election, and that there is no reason to suppose that any change of sentiment in the electors has taken place or is probable prior to the time fixed for the next election, to wit; November 7, next, the court does not think the postponement

---

[1] As follows :   Chapter 474 is the act incorporating the city of Pawtucket.

*Clause* 2.   In case of failure to elect any officer under the provisions of this act, or in case any officer shall die before qualifying, or shall neglect to qualify, or shall refuse to accept the office to which he is elected, the board of aldermen shall order the city clerk to issue his warrant for another election to fill the vacancy, and so on from time to time until all of such offices shall have been filled ; and if a vacancy shall occur by death or otherwise in the office of mayor, or in the board of aldermen, the board of aldermen shall order the city clerk to issue his warrants for an election to fill the vacancy.   But in case no election has been made of any one or more of the common council at the time of the organization thereof on the first Monday of January in each year, or if a vacancy shall occur in said board at any time during the year, said board shall order the city clerk to call a meeting to fill such vacancy, and he shall call such meeting accordingly ; provided, however, that at the first election held under this act, before the organization of the government under the same, the town council shall do all things that are by this section authorized to be done by the board of aldermen, and the town clerk shall do all things that are by this section authorized to be done by the city clerk.

of the election to that date is so clearly an abuse of discretion as to warrant its interference.

*Petition dismissed.*

*Hugh J. Carroll, Thomas W. Robinson & Claude J. Farnsworth,* for the State.

*Thomas P. Barnefield,* City Solicitor of the city of Pawtucket, for respondents.